UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:23-cv-07268-CAS-JCx <br> 2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - MOTION TO DISMISS (Case No. 2:23-cv-07268-CAS, Dkt. 43, filed on January 5, 2024)

MOTION TO DISMISS (Case No. 2:23-cv-09477, Dkt. 15, filed on January 5, 2024)

## I. INTRODUCTION

Presently before the Court is defendant NS Transport's motion to dismiss. Dkt. 43; Liberty Mutual Insurance Company v. Transgroup Express LLC et al., No. 23-cv-09477 (C.D. Cal. Nov. 9, 2023) (Dkt. 1).

On September 1, 2023, plaintiff Discover Night, LLC ("Discover Night") initiated this action. Dkt. 1. On November 30, 2023, plaintiff filed its operative complaint ("DNC") against defendants Transgroup Express LLC d/b/a Scan Global Logistics ("Scan Global"), Total Quality Logistics, LLC ("TQL"), Cartage Transport Express Inc. ("CTE"), Joe Cincotta, KG Logistics, LLC, and Ritesh Kumar d/b/a NS Transport ("NS Transport"). Dkt. 28. Plaintiff brings claims against all defendants for (1) violation of Penal Code § 496(a); (2) conversion; (3) breach of the implied covenant of good faith and fair dealing; (4) negligent supervision, hiring, and retention; (5) negligent interference with prospective economic relations; (6) intentional interference with prospective economic relations; and (7) negligence. It brings additional claims against Scan Global for (8) breach of contract; and (9) fraud. It brings a final cause of action against Scan Global, TQL, KG Logistics, and NS Transport for (10) violation of the Carmack Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-07268-CAS-JCx<br>2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

    On November 9, 2023, Liberty Mutual Insurance Company ("Liberty Mutual"), as Discover Night's insurer, independently filed a complaint ("LMC") against several of the same defendants (Scan Global, TQL, CTE, KG Logistics, and Ritesh Kumar d/b/a/ NS Transport). See Complaint, Liberty Mutual Insurance Company v. Transgroup Express LLC et al., No. 23-cv-09477 (C.D. Cal. Nov. 9, 2023) (Dkt. 1) (the "Insurance Action"). Liberty Mutual brings a claim against Scan Global for (1) breach of contract, and brings claims against all defendants in the Insurance Action for (2) breach of the implied covenant of good faith and fair dealing; (3) negligent hiring, supervision, and retention; (4) negligence; and (5) violation of the Carmack Amendment.

    On January 5, 2024, defendant NS Transport filed a motion to dismiss in this case. Dkt. 43 ("MTD"). It filed the same motion to dismiss in the Insurance Action. See Motion to Dismiss, Liberty Mutual Insurance Company v. Transgroup Express LLC et al., No. 23-cv-09477, at dkt. 15. On January 22, 2024, Liberty Mutual filed an opposition to the motion to dismiss in the Insurance Action. Id. at dkt. 20 ("LM Opp."). On April 18, 2024, plaintiff filed an opposition in the instant action. Dkt. 58 ("Opp.").

    On April 22, 2024, the Court held a hearing and took the motions to dismiss in both actions under submission. Dkt. 59. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

    Plaintiff and Liberty Mutual allege the following facts in their complaints.

### A. Parties

    Plaintiff Discover Night is a beauty textiles company specializing in silk products. DNC ¶ 14. The company imports the majority of its goods from production facilities in China to the ports of Los Angeles, California or Long Beach, California. Id.; LMC ¶ 14. Discover Night then contracts for the shipment and delivery of their goods to various retail facilities throughout the United States. DNC ¶ 14; LMC ¶ 14.

    Liberty Mutual is a cargo insurer for Discover Night and insured the shipment at issue in this case. LMC ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07268-CAS-JCx<br>2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

Defendant Transgroup Express LLC d/b/a/ Scan Global Logistics ("Scan Global") is a limited liability company with its headquarters and principal place of business in Seattle, Washington. DNC ¶ 3; LMC ¶ 3.

Defendant Total Quality Logistics, LLC ("TQL") is a limited liability company with its principal place of business in Cincinnati, Ohio. DNC ¶ 4; LMC ¶ 4.

Defendant Cartage Transport Express, Inc. ("CTE") is a California corporation with its principal place of business in California. DNC ¶ 5; LMC ¶ 5.

Defendant B&E Professional Services, LLC d/b/a KG Logistics ("KG Logistics") is a limited liability company with its principal place of business in Houston, Texas. DNC ¶ 7; LMC ¶ 6.

Discover Night alleges that defendant NS Transport has his principal place of business in Monroe, North Carolina, but does not specify what type of entity it is. DNC ¶ 8. Liberty Mutual alleges that Ritesh Kumar d/b/a NS Transport ("NS Transport") is an individual, corporation, or other business entity existing under California law. LMC ¶ 7.

The aforementioned defendants all allegedly do business as common carriers and/or bailees of merchandise for hire in interstate and international commerce. LMC ¶ 8.

Defendant Joe Cincotta, named only as a defendant in the instant action and not in the Insurance Action, is an individual residing in New York. DNC ¶ 6. He allegedly serves as Scan Global's regional director. DNC ¶ 18.

    **B.**    **Shipment at Issue**

Around August or September 2022, 63,360 units of silk pillowcases were transported from China to Long Beach, California in fulfillment of a purchase order placed by Discover Night. DNC ¶¶ 15-16. LMC ¶¶ 15-16. On September 8, 2022, these 63,360 pillowcases (1,920 cartons; 40 pallets) were delivered to Cartage Transport's warehouse in Commerce, California. DNC ¶ 20; LMC ¶ 17.

On or about September 16, 2022, Costco issued four separate purchase orders for 63,360 units of pillowcases. LMC ¶ 18. Discover Night contracted with Scan Global for the shipment of these pillowcases from the Cartage Transport warehouse to Costco retail

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:23-cv-07268-CAS-JCx<br>2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

stores in Tracy, California and Monrovia, Maryland. DNC ¶ 15; LMC ¶18. Scan Global, TQL, KG Logistics and NS Transport were engaged in contractual services with each other for the shipment. DNC ¶ 19; LMC ¶ 19.

On November 11, 2022, Scan Global issued four bills of lading to Discover Night reflecting two shipments bound for a Costco retail depot in Tracy, California and two shipments bound for a Costco retail depot in Monrovia, Maryland. DNC ¶ 21; LMC ¶ 21.

On the same day, Scan Global, Total Quality Logistics, KG Logistics, and NS Transport allegedly implemented an unlawful deviation from the contracted for transshipments and unilaterally altered the routes for the two shipments bound for Monrovia, Maryland (31,680 units) so that the shipments would instead be sent to a third-party holding facility in Virginia. DNC ¶ 26; LMC ¶ 22. Specifically, Scan Global entered into an agreement with TQL for the units to be picked up from the Cartage Transport facility in Commerce, California on November 14, 2022, for delivery to the Air Cartage Express facility in Sterling, Virginia. DNC ¶ 23. In turn, TQL subcontracted the deliveries to KG Logistics and NS Transport. Id. ¶ 25. The relevant defendants also allegedly modified the relevant bills of lading to reflect a lower quantity of product than what was originally received at plaintiff's warehouse. Id. ¶ 34-35.

On November 14, 2022, Scan Global, TQL, KG Logistics, and NS Transport again implemented an improper deviation without authorization from Discover Night and unilaterally diverted the shipment of *all 63,360 units* of silk pillowcases to a Cartage Transport facility in Sterling, Virginia instead of their contracted for shipment locations in Tracy, California, and Monrovia, Maryland respectively. DNC ¶ 27; LMC ¶ 23.

On November 18 or November 19, 2022, Scan Global informed Discover Night that all 63,360 units were now "missing." DNC ¶ 29; LMC ¶ 24. On November 20, 2022, Scan Global further informed Discover Night that all units had remained in-state and were last known to be in Los Angeles, California. DNC ¶ 32. None of the 63,360 units have been recovered. Id.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　　'O'

| Case No. | 2:23-cv-07268-CAS-JCx<br>2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07268-CAS-JCx<br>2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

Discover Night and Liberty Mutual both bring the following claims against NS Transport: (1) breach of the implied covenant of good faith and fair dealing; (2) negligent supervision, hiring, and retention; (3) negligence; and (4) violation of the Carmack Amendment.

Discover Night brings the following additional claims against NS Transport: (5) violation of Penal Code Section 496(a); (6) conversion; (7) negligent interference with prospective economic relations; and (9) intentional interference with prospective economic relations.

Defendant NS Transport moves to dismiss the claims against it "due to Plaintiff naming the wrong party," but does not further elaborate on this issue. MTD at 1. Accordingly, the Court finds that this argument does not support granting defendant's motion.

NS Transport also presents a "Statement of the Facts" introducing additional factual information. MTD at 1-4. Specifically, NS Transport asserts that on November, 14, 2022, it booked a load with an individual named Kevin Jacobs who claimed to be an agent for TQL, a longstanding client. Id. at 1-2. Pursuant to the terms of their arrangement, NS Transport's driver picked up the goods in question from the Cartage Transport warehouse in Commerce, California, and delivered them to another warehouse in City of Industry, California. Id. at 2. On November 18, 2022, NS Transport contacted TQL's Account Payables Department seeking payment for the load in question but was informed that Kevin Jacobs had never booked a load with NS Transport. Id. Instead, the load had been booked by KG Logistics and had been reported stolen by the customer. Id. NS Transport asserts that it has since fully cooperated with the Los Angeles Sheriff's Department and the California Highway Patrol regarding "a number of stolen loads." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07268-CAS-JCx<br>2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

    NS Transport argues that Discover Night's claim for violation of Penal Code Section 496(a) should be dismissed because "it is clear . . . that [NS Transport] picked up the freight [from] . . . Commerce, California [] and delivered it to [the specified location in] City of Industry, California . . . [on] November 14, 2022." MTD at 2. NS Transport also claims that Discover Night has failed to allege that it did not cooperate with local authorities and the California Highway Patrol. Id. at 3. NS Transport further argues that the complaint fails to allege that plaintiffs had a contract in place with NS Transport. Id. at 4. Finally, it claims that the complaint does not allege any facts demonstrating that NS Transport committed fraud. Id.

    In opposition, Discover Night argues that defendant's motion is "substantively and procedurally improper" and should be denied. Opp. at 1. It notes that the motion relies on unsubstantiated facts that were not included in the First Amended Complaint, and therefore the motion does not provide a basis for granting a 12(b)(6) motion. Id. at 1-2. Next, Discover Night argues that the motion does not appear to have been filed by the responding defendant; rather, the contact information listed on the motion is associated with a representative of TQL. Id. Discover Night requests an Order to Show Cause to determine who filed the motion and whether it was filed with NS Transport's knowledge and consent. Id. Discover Night further argues that the FAC has met the criteria for a "well-pleaded factual complaint" and "[c]ritically, the [defendant's] Motion advances no argument otherwise." Id. at 3-4.

    In a separate opposition, Liberty Mutual similarly argues that defendant's motion should be denied. LM Opp. at 2. As a threshold matter, it notes that the Court should construe NS Transport's motion as a Rule 12 motion to dismiss and disregard the extraneous facts presented in the motion seeing as no discovery has been conducted to establish the material facts in this case. LM Opp. at 3 (citing Fed. R. Civ. Pro. 12(d)). It argues in the alternative that the Court has discretion to construe a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment where the motion introduces facts extraneous to the complaint. Id. at 3 (citing Barnes v. Sea Hawai'i Rafting, LLC, 493 F.Supp.3d 972, 976 (D. Hawaii 2020)). Liberty Mutual argues that, even construed as a motion for summary judgment, the motion should still be denied because discovery has not taken place. Id. at 8. Therefore, "the material facts of this case have not yet been established and are thus necessarily in dispute." Id. Additionally, Liberty Mutual clarifies that it did not bring a claim for fraud or violation of California Penal Code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-cv-07268-CAS-JCx<br>2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

496(a) against any defendants in this action, much less NS Transport. Id. It also clarifies that it did not bring its breach of contract claim against NS Transport. Id. Therefore, Liberty Mutual argues that any arguments addressing these claims are not relevant to the Insurance Action. Id.

Next, Liberty Mutual addresses the claims that *were* brought against defendant NS Transport. Liberty Mutual does not object to dismissing the claim for breach of the implied covenant of good faith and fair dealing. Id. Liberty Mutual asserts that this claim was brought as a result of a drafting error. Id.

In contrast, Liberty Mutual argues that the claim for negligent hiring, supervision, and retention should not be dismissed. Id. at 6. Liberty Mutual asserts that defendant's motion presents no argument regarding these claims and provides the Court no basis to dismiss them. Id.

Liberty Mutual similarly argues that the claim for negligence should not be dismissed because the complaint pled sufficient facts to state a claim. Id. Specifically, Liberty Mutual argues that its complaint is sufficient because it alleges that: (1) defendant undertook the carriage of the cargo and thus assumed a duty of care which included hiring appropriate agents and ensuring delivery of the cargo, (2) defendant breached the duty by failing to complete the shipment, (3) the lack of delivery factually and proximately caused (4) damages in the amount of $750,000 paid by Liberty Mutual to Discover Night as compensation for the missing cargo. Id. In light of the factual allegations in its complaint, Liberty Mutual argues that defendant's motion should be denied.

Next, Liberty Mutual argues that the claim for violation of the Carmack Amendment should not be dismissed because its complaint pled sufficient facts to state a claim. Id. Specifically, Liberty Mutual argues that its complaint is sufficient because it alleges: (1) the cargo was given into the custody and control of the defendants in good order, (2) defendants failed to deliver the cargo to the agreed-upon destinations, and (3) the lack of delivery resulted in $750,000 in damages. Id. at 7. Considering the factual allegations in the complaint, Liberty Mutual argues defendant's motion should be denied.

As a threshold matter, the Court construes NS Transport's motion as a 12(b)(6) motion to dismiss. The additional facts alleged by NS Transport are not yet supported by discovery and cannot be verified. Moreover, the additional allegations directly contradict

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07268-CAS-JCx<br>2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

a number of Discover Night's and Liberty Mutual's claims, thereby creating a genuine dispute of material fact and rendering summary judgment inappropriate.

While NS Transport moves for "[c]laims 1-9 . . . [to] be dismissed," its arguments appear to be limited to Discover Night's claim for a violation of Penal Code Section 496(a).[1] However, Liberty Mutual does not oppose NS Transport's motion to dismiss Liberty Mutual's claim for breach of the implied covenant of good faith. Accordingly, because NS Transport has not presented arguments regarding any of Liberty Mutual's claims, the Court **GRANTS in part and DENIES in part** NS Transport's motion to dismiss Liberty Mutual's claims. The Court **GRANTS** NS Transport's motion to dismiss Liberty Mutual's claim for breach of the implied covenant of good faith and **DENIES** the motion with respect to Liberty Mutual's remaining claims.

Regarding Discover Night's claim for violation of Penal Code Section 496(a), the Court finds that Discover Night has pled sufficient facts to state a claim. In order to state a claim for violation of Penal Code Section 496(a), plaintiff must show: (1) the property was stolen, and (2) defendant was in possession of it, (3) knowing it was stolen. Verdugo-Gonzalez v. Holder, 581 F.3d 1059, 1061 (9th Cir. 2009). Here, plaintiff has asserted that its property was stolen through a series of unlawful diversions and falsified bills of lading. DNC ¶ 44. Plaintiff has also alleged that TQL contracted with defendant for transport of the property. Id. ¶ 25. Plaintiff further alleges that "[a]ll acts and omissions . . . were done with the consent, knowledge and ratification of all other Defendants." Id. ¶ 9. Viewed in the light most favorable to the plaintiffs, these facts are sufficient to support Discover Night's claim against NS Transport for violation of Penal Code Section 496(a).

Because NS Transport does not raise arguments as to plaintiffs' other claims, the Court does not address them at this juncture.

---

[1] Although NS Transport appears to also argue that the respective complaints fail to state a claim for breach of contract or fraud, neither Discover Night nor Liberty Mutual has brought a breach of contract or fraud claim against NS Transport. Liberty Mutual also has not brought a claim against NS Transport for violation of Penal Code Section 496(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07268-CAS-JCx<br>2:23-cv-09477-CAS-JCx | Date | July 3, 2024 |
|---|---|---|---|
| Title | Discover Night, LLC v. Scan Global LLC et al. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** NS Transport's motion to dismiss Discover Night's claims for (1) violation of Penal Code § 496(a); (2) conversion; (3) breach of the implied covenant of good faith and fair dealing; (4) negligent supervision, hiring, and retention; (5) negligent interference with prospective economic relations; (6) intentional interference with prospective economic relations; and (7) negligence.

The Court **GRANTS in part and DENIES in part** NS Transport's motion to dismiss Liberty Mutual's claims. The Court **GRANTS** NS Transport's motion to dismiss Liberty Mutual's claim for (1) breach of the implied covenant of good faith and **DENIES** the motion with respect to Liberty Mutual's remaining claims for (2) negligent hiring, supervision, and retention; (3) negligence; and (4) violation of the Carmack Amendment.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |